Michael L. Novicoff, Esq. (SBN: 120133)
   mnovicoff@linerlaw.com
Robert M. Shore, Esq. (SBN: 166018)
   rshore@linerlaw.com
Allen P. Lohse, Esq. (SBN: 236018)
   alohse@linerlaw.com
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Defendants and Counterclaimants
ROI Rocket.com, LLC, and ROI Rocket, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>CLICKXCHANGE CORPORATION, a California corporation, *et al.*,<br><br>        Defendants.<br>――――――――――――――――<br>ROI ROCKET.COM, LLC, AND ROI ROCKET, INC.,<br><br>        Counterclaimants,<br><br>    vs.<br><br>ESSOCIATE, INC.,<br><br>        Counterdefendant. | Case No. SACV09-536 JVS (MLGx)<br><br>Honorable James V. Selna, Courtroom 10C<br><br>**ANSWER OF ROI ROCKET.COM, LLC, AND ROI ROCKET, INC., TO THE COMPLAINT;**<br><br>**COUNTERCLAIM FOR**<br><br>**(1)    DECLARATORY RELIEF OF NON-INFRINGEMENT; and**<br><br>**(2)    DECLARATORY RELIEF OF INVALIDITY;**<br><br>**DEMAND FOR JURY TRIAL** |

ORIGINAL

ROI ROCKET'S ANSWER AND COUNTERCLAIMS FOR DECLARATORY RELIEF

0020004/001/ 433894v01

## ANSWER

Defendants and Counterclaimants ROI Rocket.com, LLC, and ROI Rocket, Inc. (collectively, the "ROI Rocket Parties"), as and for their Answer to the Complaint of Essociate, Inc., hereby allege as follows.  Except as expressly admitted, alleged, and averred herein, each and every allegation of the Complaint is denied.

1.    Answering paragraph 1 of the Complaint, the ROI Rocket Parties admit that the Complaint purports to state a claim for patent infringement.

2.    Answering paragraph 2 of the Complaint, the ROI Rocket Parties admit each and every allegation contained therein.

3.    Answering paragraph 3 of the Complaint, the ROI Rocket Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as they pertain to other Defendants, and deny them on that basis. The ROI Rocket Parties deny each and every other allegation of this paragraph.

4.    Answering paragraph 4 of the Complaint, the ROI Rocket Parties lack knowledge or information sufficient to form a belief as to the truth of these allegations, and deny them on that basis.

5.    Answering paragraph 5 of the Complaint, the ROI Rocket Parties lack knowledge or information sufficient to form a belief as to the truth of allegations regarding ownership of the '660 Patent, and on that basis deny those allegations. The ROI Rocket Parties aver that the '660 Patent speaks for itself, so that no answer to allegations regarding its contents is necessary.  The ROI Rocket Parties deny that a copy of the '660 Patent is attached to the Complaint.

6.    Answering paragraph 6 of the Complaint, the ROI Rocket Parties lack knowledge or information sufficient to form a belief as to the truth of these allegations, and deny them on that basis.

7.    Answering paragraph 7 of the Complaint, the ROI Rocket Parties lack knowledge or information sufficient to form a belief as to the truth of these allegations, and deny them on that basis.

0020004/001/ 433894v01

1       8.     Answering paragraph 8 of the Complaint, the ROI Rocket Parties admit

2 the allegations of the first sentence.  The ROI Rocket Parties deny each and every

3 remaining allegation of this paragraph.

4       9.     Answering paragraph 9 of the Complaint, the ROI Rocket Parties deny

5 each and every allegation of this paragraph.

6       10.     Answering paragraph 10 of the Complaint, the ROI Rocket Parties lack

7 knowledge or information sufficient to form a belief as to the truth of these

8 allegations, and deny them on that basis.

9       11.     Answering paragraph 11 of the Complaint, the ROI Rocket Parties lack

10 knowledge or information sufficient to form a belief as to the truth of these

11 allegations, and deny them on that basis.

12       12.     Answering paragraph 12 of the Complaint, the ROI Rocket Parties lack

13 knowledge or information sufficient to form a belief as to the truth of these

14 allegations, and deny them on that basis.

15       13.     Answering paragraph 13 of the Complaint, the ROI Rocket Parties lack

16 knowledge or information sufficient to form a belief as to the truth of the allegations

17 of this paragraph as they pertain to other Defendants, and deny them on that basis.

18 The ROI Rocket Parties deny each and every other allegation of this paragraph.

19       14.     Answering paragraph 14 of the Complaint, the ROI Rocket Parties lack

20 knowledge or information sufficient to form a belief as to the truth of the allegations

21 of this paragraph as they pertain to other Defendants, and deny them on that basis.

22 The ROI Rocket Parties deny each and every other allegation of this paragraph.

23       15.     Answering paragraph 15 of the Complaint, the ROI Rocket Parties lack

24 knowledge or information sufficient to form a belief as to the truth of the allegations

25 of this paragraph as they pertain to other Defendants, and deny them on that basis.

26 The ROI Rocket Parties deny each and every other allegation of this paragraph.

27       16.     Answering paragraph 16 of the Complaint, the ROI Rocket Parties lack

28 knowledge or information sufficient to form a belief as to the truth of the allegations

0020004/001/ 433894v01

1 of this paragraph as they pertain to other Defendants, and deny them on that basis.

2 The ROI Rocket Parties deny each and every other allegation of this paragraph.

3      17.    Answering paragraph 17 of the Complaint, the ROI Rocket Parties lack

4 knowledge or information sufficient to form a belief as to the truth of the allegations

5 of this paragraph as they pertain to other Defendants, and deny them on that basis.

6 The ROI Rocket Parties deny each and every other allegation of this paragraph.

7      18.    Answering paragraph 18 of the Complaint, the ROI Rocket Parties lack

8 knowledge or information sufficient to form a belief as to the truth of the allegations

9 of this paragraph as they pertain to other Defendants, and deny them on that basis.

10 The ROI Rocket Parties deny each and every other allegation of this paragraph.

11      19.    Answering paragraph 19 of the Complaint, the ROI Rocket Parties lack

12 knowledge or information sufficient to form a belief as to the truth of the allegations

13 of this paragraph as they pertain to other Defendants, and deny them on that basis.

14 The ROI Rocket Parties deny each and every other allegation of this paragraph.

15

16 **AFFIRMATIVE DEFENSES**

17     As and for their affirmative defenses, the ROI Rocket Parties allege as

18 follows:

19

20 **FIRST AFFIRMATIVE DEFENSE**

21 **(Failure to State a Claim)**

22     20.    The Complaint fails to state a claim upon which relief may be granted.

23

24 **SECOND AFFIRMATIVE DEFENSE**

25 **(Lack of Personal Jurisdiction)**

26     21.    The ROI Rocket Parties, and each of them, are not subject to personal

27 jurisdiction in this Court.

28

3

0020004/001/ 433894v01

## THIRD AFFIRMATIVE DEFENSE

### (Improper Venue)

22.   Venue against the ROI Rocket Parties, and each of them, is not proper in this judicial district.

## FOURTH AFFIRMATIVE DEFENSE

### (Anticipation)

23.   One or more claims of the patent in suit are anticipated by the prior art.

## FIFTH AFFIRMATIVE DEFENSE

### (Obviousness)

24.   One or more claims of the patent in suit are obvious in light of the prior art.

## SIXTH AFFIRMATIVE DEFENSE

### (Indefiniteness)

25.   One or more claims of the patent in suit are invalid for failing to distinctly point out and claim the subject matter regarded as the invention.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Claim Patentable Subject Matter)

26.   One or more claims of the patent in suit are invalid for failing to claim patentable subject matter.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

27.   Plaintiff is barred from receiving some or all of the requested relief by the doctrine of estoppel.

0020004/001/ 433894v01

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

28.   Plaintiff is barred from receiving some or all of the requested relief by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

29.   Plaintiff is barred from receiving some or all of the requested relief by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

30.   Plaintiff is barred from receiving some or all of the requested relief by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

31.   Plaintiff's claim is barred in whole or in part by the doctrine of prosecution history estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Presently Unknown Defenses)

32.   The ROI Parties reserve the right to assert additional defenses based on facts not currently known to them.

Wherefore the ROI Parties pray for judgment on the Complaint as follows:

a.   That Plaintiff take nothing by reason of the Complaint;

b.    That Plaintiff be ordered to pay the ROI Parties their costs and reasonable attorneys' fees; and

c.    For such other and further relief as justice may require.

## COUNTERCLAIM FOR DECLARATORY RELIEF

As and for their Counterclaim, Defendants and Counterclaimants ROI Rocket.com, LLC, and ROI Rocket, Inc., allege as follows:

## SUBJECT MATTER JURISDICTION

33.    This Counterclaim is a declaratory relief action pursuant to 28 U.S.C. §§ 2201-2202, seeking a declaration under the patent laws of the United States that the claims of United States Patent No. 6,804,660 (the "Patent") are invalid and are not infringed.  The Counterclaim is so related to claims asserted in the Complaint that they form part of the same case or controversy under Article III of the United States Constitution.  Accordingly, this Court has subject matter jurisdiction over the Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a).

## THE PARTIES

34.    ROI Rocket.com, LLC, is a limited liability company organized and existing under the laws of the State of Florida.

35.    ROI Rocket, Inc., is a corporation organized and existing under the laws of the State of Florida.

36.    The ROI Parties are informed and believe, and on that basis allege, that Plaintiff and Counterdefendant Essociate, Inc. ("Essociate"), purports to be a corporation organized and existing under the laws of the State of Delaware.

37.    Essociate has sued the ROI Parties, among others, for infringement of the Patent.

0020004/001/ 433894v01

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-infringement)

38. The ROI Rocket Parties incorporate and reallege paragraphs 33 through 37 of the Counterclaim as though set forth in full herein.

39. Essociate contends that the ROI Rocket Parties, and each of them, are infringing and have infringed the Patent directly and indirectly.

40. The ROI Rocket Parties deny that they, or either of them, has infringed or is infringing, directly or indirectly, any valid and enforceable claim of the Patent.

41. Therefore an actual controversy exists between the ROI Rocket Parties, on the one hand, and Essociate, on the other hand, as to whether the ROI Rocket Parties, or either of them, have infringed or are infringing, directly or indirectly, any valid and enforceable claim of the Patent. A judicial declaration regarding this controversy is necessary and desirable.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity)

42. The ROI Rocket Parties incorporate and reallege paragraphs 33 through 37 of the Counterclaim as though set forth in full herein.

43. The ROI Rocket Parties are informed and believe, and on that basis allege, that Essociate contends that the ROI Rocket Parties have infringed and are infringing, directly or indirectly, each claim of the Patent and that each claim of the Patent is valid.

44. The ROI Rocket Parties deny that they, or either of them, are infringing or have infringed any valid claim of the Patent. The ROI Rocket Parties contend that each claim of the Patent is invalid.

45. Therefore an actual controversy exists between the ROI Rocket Parties, on the one hand, and Essociate, on the other hand, as to whether each claim of the

7

0020004/001/ 433894v01

1 | Patent is valid.  A judicial declaration regarding this controversy is necessary and

2 | desirable.

3 |

4 |       Wherefore the ROI Rocket Parties pray for judgment on the Counterclaim as

5 | follows:

6 |       a.      A declaration that the ROI Rocket Parties have not infringed and are not

7 | infringing, directly or indirectly, any valid and enforceable claim of the Patent;

8 |       b.      A declaration that each claim of the Patent is invalid;

9 |       c.      That Essociate be required to pay the ROI Rocket Parties, and each of

10 | them, their attorneys' fees and costs of suit; and

11 |       d.      For such other and further relief as justice may require.

12 | Dated:  July 2, 2009                    LINER GRODE STEIN YANKELEVITZ
                                            SUNSHINE REGENSTREIF & TAYLOR LLP
13 |

14 |
                                       By: _____
15 |                                        Robert M. Shore
                                           Attorneys for Defendants and
16 |                                        Counterclaimants ROI Rocket.com,
                                           LLC, and ROI Rocket Inc.
17 |

18 |                          **DEMAND FOR JURY TRIAL**

19 |       The ROI Rocket Parties hereby demand trial by jury of all issues so triable.

20 | Dated:  July 2, 2009                    LINER GRODE STEIN YANKELEVITZ
                                            SUNSHINE REGENSTREIF & TAYLOR LLP
21 |

22 |
                                       By: _____
23 |                                        Robert M. Shore
                                           Attorneys for Defendants and
24 |                                        Counterclaimants ROI Rocket.com,
                                           LLC, and ROI Rocket, Inc.
25 |

26 |

27 |

28 |

ROI ROCKET'S ANSWER AND COUNTERCLAIMS FOR DECLARATORY RELIEF

0020004/001/ 433894v01

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024-3503. On July 2, 2009, I served the within document(s) described as:

ANSWER OF ROI ROCKET.COM, LLC, AND ROI ROCKET, INC., TO THE COMPLAINT; COUNTERCLAIM FOR (1) DECLARATORY RELIEF OF NON-INFRINGEMENT; and (2) DECLARATORY RELIEF OF INVALIDITY; DEMAND FOR JURY TRIAL

on the interested parties in this action as stated on the attached mailing list.

[X]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 2, 2009, at Los Angeles, California.

_____
Ellen Graunke
(Type or print name)

_____
(Signature)

1

0020004/001/ 434074v01

<u>**SERVICE LIST**</u>

| | |
|---|---|
| Derek A. Newman, Esq.<br>John Du Wors, Esq.<br>Derek Linke, Esq.<br>NEWMAN & NEWMAN<br>505 Fifth Avenue South, Suite 610<br>Seattle, WA 98104<br><br>Facsimile: (206) 274-2801<br>E-mail: derek@newmanlaw.com<br>        john@newmanlaw.com<br>        linke@newmanlaw.com | Christian C. Michel, Esq.<br>ROYLANCE ABRAMS BERDO &<br>GOODMAN LLP<br>1300 19th Street NW, Suite 600<br>Washington, DC 20036<br><br>Facsimile: (202) 659-9344<br>E-mail: cmichel@roylance.com |

*Attorneys for Plaintiff ESSOCIATE, INC.*

*Attorneys for Defendant KBJ Holdings, LLC*

Karen D. Maher, Esq.
COHEN AND LORD
1801 Century Park East, Suite 2600
Los Angeles, CA 90067-2328

Facsimile: (310) 691-2201
E-mail: kmaher@cohen-lord.com

*Attorneys for Defendant KBJ Holdings, LLC*

2

0020004/001/ 434074v01